IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY J. BLACKSHEAR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| VERIZON, DE, LLC | : | NO. 11-1036 |

### MEMORANDUM

**Padova, J.**                                                                                  **October 27, 2011**

This is a *pro se* employment discrimination case brought pursuant to Title VII, 42 U.S.C. § 2000e et seq.. Defendant has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, the Motion is granted.

**I.      BACKGROUND**

The Complaint alleges the following facts. Plaintiff was employed by Defendant Verizon DE, LLC ("Verizon"). Following an absence for an unspecified disability, he "was subjected to an investigation by Verizon Security for unfounded reasons and without probable cause." (Compl. ¶ III.C.) During an interview attended by Plaintiff, a shop steward, and several Verizon employees, Verizon Security agent Ed Feliciano insisted that Plaintiff provide Verizon with his driving record.

---

[1] Plaintiff did not file a response to the Motion to Dismiss. Local Rule of Civil Procedure 7.1 provides that any party opposing a motion to dismiss shall respond to the motion within 21 days after service. See Local Rule 7.1(c). In the absence of a timely response, the motion may be granted as uncontested. Id. Notwithstanding this Rule, the United States Court of Appeals for the Third Circuit has recommended that trial courts not grant motions to dismiss pursuant to Rule 12(b)(6) in *pro se* civil rights actions without analyzing the merits of the underlying complaint. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). Accordingly, we consider the merits of the Complaint rather than grant the Motion to Dismiss as uncontested.

Plaintiff asked what prompted the investigation and Feliciano said that because Plaintiff "was Black, that [he] would use his race as an excuse." (Id.)

Plaintiff was suspended and then terminated. In state unemployment hearings, Feliciano testified that the company investigated Plaintiff's driving record because Plaintiff's mode of transportation was relevant to his ability to travel between light duty and training in a timely fashion. Feliciano also testified that because of Plaintiff's tenure, he could not be excused from training. Other employees "not of the same race [and] gender" as Plaintiff were excused from training. (Id.)

Defendant admits that Plaintiff filed a complaint with the EEOC and received a right to sue letter. (Def. Mem. at 2-3 and Ex. A.) Plaintiff filed the instant Complaint on February 15, 2011, asserting claims for race and gender discrimination under Title VII. Defendant has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

### III.   DISCUSSION

Defendant argues that the Complaint should be dismissed for failure to state a claim upon which relief can be granted because the Complaint does not assert a plausible claim of discrimination in violation of Title VII.

In the absence of direct evidence of discrimination, a plaintiff may establish a prima facie case under Title VII by alleging: 1) that he is a member of a protected class; 2) he was qualified for the position he held; 3) he suffered an adverse employment action; and 4) that similarly situated individuals not in plaintiff's protected class were treated more favorably or that the adverse employment action occurred under circumstances that give rise to an inference of discrimination. Sarullo v. United States Postal Service, 352 F.3d 789, 797 (3d Cir. 2003). See also McDonald Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Defendant focuses on the fourth prong, arguing

the Complaint fails to allege sufficient facts to raise an inference of discrimination.

To meet his burden of pleading facts that will satisfy the fourth prong, Plaintiff must allege certain facts regarding the similarly situated individuals. The United States Court of Appeals for the Third Circuit has explained that "[w]hile 'similarly situated' does not mean identically situated, the plaintiff [and the comparators] must be similarly situated in 'all relevant respects.'" Opsatnik v. Norfolk S. Corp., 335 F. App'x 220, 222-23 (3d Cir. 2009) (quoting Holifeld v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997)). In the context of workplace discipline and personnel action, the relevant factors may include a "'showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish the conduct or their employer's treatment of them.'" McCullers v. Napolitano, 427 F. App'x 190, 195 (3d Cir. 2011) (quoting Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617-18 (7th Cir. 2000)).

In his Complaint, Plaintiff states that "[s]everal other employees not of the same race AND gender as I, were excused from attending [training] for similar or no reason at all" and that his treatment was "[c]onsistent with a pattern of inequitable disciplinary action against Black male employees." (Compl. ¶ III.C.) These generalizations and speculation are insufficient to state a plausible claim that Plaintiff was treated differently than similarly situated individuals not in his protected class. Plaintiff does not allege that these other employees had the same supervisor as he did, had similar disabilities that affected their ability to get to the training sessions, or were held to the same standards as Plaintiff. In fact, Plaintiff alleges that he was told that his tenure excluded him from being treated like these other employees. We conclude, accordingly, that the Complaint does

not allege a plausible claim of employment discrimination.[2]

"[I]n civil rights cases, district courts must offer amendment – irrespective of whether it was requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."  Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted).  In assessing futility, we apply the same standard of legal sufficiency as applies under Rule 12(b)(6).  Id. (citation omitted).  Accordingly, we will dismiss Plaintiff's Complaint without prejudice and allow him leave to file an amended complaint that includes more facts about the similarly situated comparators.  For example, Plaintiff could include facts about whether these other employees had the same supervisor as he did, had similar disabilities, had similar employment duties, and were held to similar standards regarding attendance at training sessions.

**IV.   CONCLUSION**

For the foregoing reasons, the Motion to Dismiss is granted and Plaintiff's Complaint is dismissed without prejudice.  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.

---

[2] Due to our conclusion that the Complaint fails to allege sufficient facts to support a plausible claim, we need not reach Defendant's other argument that Plaintiff failed to exhaust his administrative remedies.